UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAMI ABOULOH,<br><br>　　　　　　　Plaintiff<br><br>　　v.<br><br>LEHIGH COUNTY PRISON, *et al.*,<br>　　　　　　　Defendants. | CIVIL ACTION NO. 3:25-CV-00617<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

　　Before the Court is a complaint filed by Plaintiff Rami Abouloh ("Abouloh"). (Doc. 1). After a preliminary review of the filing, the Court finds that the complaint was filed in the improper venue and, in the interest of justice, will transfer the action to the Eastern District of Pennsylvania.

**I.　BACKGROUND AND PROCEDURAL HISTORY**

　　Abouloh filed the instant complaint in April of 2025. (Doc. 1). On April 7, 2025, the Court filed an administrative order requiring Abouloh to pay the outstanding filing fee in full or file an application to proceed *in forma pauperis*. (Doc. 4). On May 6, 2025, the Court received and docketed Abouloh's motion to proceed *in forma pauperis*. (Doc. 6). On May 16, 2025, the court received and docketed a certified copy of Abouloh's prisoner trust fund account statement. (Doc. 8).

　　The complaint raises claims associated with the treatment of Abouloh's personal property by employees and other inmates in Lehigh County, Pennsylvania while he was incarcerated at the Lehigh County Pison. (Doc. 1).

**II.     DISCUSSION**

In a civil action, venue may lie in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Based upon the Court's preliminary review of the facts alleged in the complaint, it is clear that venue is not proper in this judicial district, as no Defendant resides in the Middle District of Pennsylvania, and none of the events or omissions giving rise to Abouloh's claims occurred in the Middle District of Pennsylvania. Quite the contrary, the complaint reveals that most–if not all–of the Defendants named in this action reside in Lehigh County, Pennsylvania. Furthermore, all the events Plaintiff describes occurs in Lehigh County (Doc. 1). Indeed, it is clear from these allegations that the purported discriminatory events forming the basis of Plaintiff's complaint transpired exclusively within Leigh County. *See* 28 U.S.C. § 1391(b). Lehigh County is located in the Eastern District of Pennsylvania. 28 U.S.C. § 118(a). Therefore, venue does not lie in this district, but rather, in the United States District Court for the Eastern District of Pennsylvania.

The Court is permitted to raise the issue of an apparent lack of venue, *sua sponte*, provided that it gives a plaintiff notice of its concerns and an opportunity to be heard on the issue. *See Baily v. Kirsch*, No. 1:19-CV-1281, 2019 WL 3336966 at *1 (M.D. Pa. July 24, 2019) (citing *Stjernholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986)). In this case, through the filing of this Memorandum, the Court is

placing Abouloh on notice that this complaint does not allege facts that would give rise to venue over this action in this court.

Section 1406(a) of Title 28 of the United States Code provides, in relevant part:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Accordingly, when it appears that a case was brought in the wrong venue, there are two potential remedies available: (1) the Court may dismiss the action for lack of venue; or (2) the Court may transfer the case to the district where it should have been brought. A court retains the power to transfer a case from an improper venue to a proper venue even where it lacks personal jurisdiction over the defendants. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465 (1962). "In most cases of improper venue, the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation." *see Holiday v. Bally's Park Place, Inc.,* No. 06-4588, 2007 WL 2600877, at *2 (E.D. Pa. Sept. 10, 2007) ("Generally, transfer to a proper forum is preferable to outright dismissal because it prevents repetitive motion practice and unnecessary costs.").

In this case, since Abouloh is a *pro se* litigant, the interest of justice compels the Court to transfer this case so as to adequately protect Abouloh's rights. Transferring this case avoids any potential prejudice that might flow from the outright dismissal of Abouloh's case. *See Baily*, 2019 WL 3336966 at *2 (citing *Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 430 (1965)).

III. **CONCLUSION**

For the reasons set forth herein, the Court will transfer the above captioned action to the United States District Court for the Eastern District of Pennsylvania. The Court will not

address the pending motion to proceed *in forma pauperis*, but will leave the motion to be considered by the Eastern District of Pennsylvania.

An appropriate order shall issue.

**Dated: June 30, 2025**                                                *s/ Karoline Mehalchick*
                                                                           **KAROLINE MEHALCHICK**
                                                                           **United States District Judge**